UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5097-GW(AGRx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | *JAT Wheels, Inc. v. DB Motoring Group, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie Thibodeux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Leontyne Fan | None Present |

**PROCEEDINGS:** PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [20]

The Court's Handout circulated and attached hereto. The Court continues Plaintiff's motion to February 11, 2016 at 8:30 a.m. Plaintiff's counsel will file a supplemental brief by February 8, 2016.

: 04

Initials of Preparer JG

*JAT Wheels, Inc. V. DB Motoring Groups, Inc.*, Case No. CV-14-5097
Handout for continued hearing on motion for default judgment

**Copyright**
  *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003).
The Supreme Court identified the following non-exclusive list of factors to guide the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 127 L. Ed. 2d 455, 114 S. Ct. 1023 (1994) (citation omitted). The Ninth Circuit has added as additional considerations: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 559-60 (9th Cir. 1996).

**Patent**
  The Federal Circuit has outlined a two-prong test for willful infringement. *See In Re Seagate*, 497 F.3d 1360, 1371 (Fed.Cir.2007). In *Seagate*, the Federal Circuit held that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness. *Id*. The Seagate court instructed that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id*. The objective test is "identical" to the standard applied by the Supreme Court to evaluate "sham" litigation. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1007-8 (Fed. Cir. 2012). This standard is satisfied only where "no reasonable litigant could realistically expect success on the merits." *Id*. at 1007.
  Plaintiff has not carried the burden to establish willful infringement. Instead, Plaintiff relies on *Read Corp v. Portec Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), which is a pre-*Seagate* case and does not address the objective standard for willful infringement. In addition, Plaintiff does not present any analysis on how damages are calculated, and the Court declines to speculate.

**Local Rule re Attorneys Fees**
  *See* Local Rule 55-3.