Tommy SF Wang (SBN: 272409)
Leontyne Fan (SBN: 285042)
YANG & WANG, P.C.
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@yangwanglaw.com; lfan@yangwanglaw.com

Attorneys for Plaintiff
JAT WHEELS, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAT WHEELS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DB MOTORING GROUP, INC. <br><br> Defendant. | Case No.: 14-CV-05097-GW-AGRx <br><br> SUPPLEMENTAL BRIEF ON MONETARY DAMAGES FOR DEFAULT JUDGMENT <br><br> JUDGE: HON. GEORGE H. WU <br> DATE: 2/11/2016 <br> TIME: 8:30AM <br> DEPT: 10 |

   Pursuant to the Court's orders on January 25, 2016, Plaintiff hereby submits the supplemental brief on the issue of monetary damages and attorneys' fees for the default judgment:

\\

\\

PLAINTIFF'S SUPPLEMENTAL BRIEF
1

## I. INTRODUCTION

Plaintiff JAT Wheels, Inc. ("Plaintiff") respectfully requests this court to award treble damages in the amount of $100,000.00 and attorney fees in the amount of $5,600.00 for the willful infringement of Plaintiff's design patent pursuant to Local Rule 55-3. Under *35 U.S.C. §284*, "upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court… the court may increase the damages up to three times the amount found or assessed."  The statute further reads, "the court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id*. The courts have interpreted "exceptional" circumstances, to mean that if the infringement was willful, treble damages and attorney fees may be awarded, as discussed below.

## II. THIS COURT SHOULD AWARD TREBLE DAMAGES AND ATTORNEYS FEES

Under *35 U.S.C. §284*, upon a finding of patent infringement by the court, the patent holder is entitled to compensatory damages, which includes at least reasonable royalties together with interest and costs fixed by the court. Further, under *35 U.S.C. §285*, reasonable attorney's fees may be awarded in exceptional cases to the prevailing party. Courts have interpreted this language to include treble damages when appropriate under the totality of circumstances. Further, "exceptional" situations include when infringer's conduct is found to be willful.

## A. Treble Damages Are Appropriate For Continuing Patent Infringement Despite Notice

Courts have found that treble damages are to be awarded if the defendant's infringing behavior is willful. See *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 826 (Fed. Cir. 1992). In *Read,* the defendant infringer's device infringed upon each patent held by plaintiff and the device contained all but one of the limitations specified in the claims and one limitation that was not literally met was met equivalently. *Id.* at 820. As such, a jury found the infringement to have been willful. *Id.* at 821.

Although on appeal, the court found the infringement to not have been willful, the lower court's definition for willfulness still stands. The lower court defined willful as "the infringer acted in wanton disregard of the patentee's patent rights." *Id.* at 826. Once willfulness has been established, it is to the discretion of the trial court to determine the extent of enhancement of damages but in any event, an award may be increased up to three times the compensatory damages amount. Lost profits are the preferred method of ascertaining damages. *IPVX Patent Holdings, Inc. v. Taridium, LLC*, No. 12-CV-5251 KAM SMG, 2014 WL 4437294, at *4 (E.D.N.Y. Aug. 6, 2014) <u>report and recommendation adopted,</u> No. 12-CV-5251 KAM SMG, 2014 WL 4437307 (E.D.N.Y. Sept. 9, 2014). However, if lost profits are unavailable to be determined, the minimum statutory recovery is the amount of reasonable royalty due to the patentee by the infringer. *Id.*

Further, more recently, the United States Supreme Court rejected that *§285* be subjected to the "clear and convincing evidence" standard. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1758 (2014). Instead, the

PLAINTIFF'S SUPPLEMENTAL BRIEF
3

Court held that, "nothing in § 285 justifies such a high standard of proof. Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* at 1758. The inquiry on whether a case is "exceptional" under *§285* is based on a "totality of the circumstances" test. The Court stated that, "As in the comparable context of the Copyright Act, " '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" (quoting *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). *Id.* at 1756.

    Here, based on the totality of circumstances, it is evident that Defendant was aware of its infringing conduct, and refused to cease such conduct. See Declaration of Tom Luo ¶ 8-10. Prior to Plaintiff's retention of counsel, Plaintiff notified and requested that Defendant cease all infringing activity, but Defendant failed to respond and stop the infringement. See Declaration of Tom Luo ¶ 8. Subsequently, on July 1, 2014, Plaintiff's counsel sent a cease and desist letter to Defendant. However, Defendant did not respond or cease its infringing activity. Since filing the present suit, Defendant has once again failed to respond to the Complaint. See Declaration of Tom Luo ¶ 8-10. As such, it is evident that Defendant was willfully infringing upon Plaintiff's patent.

**B. Plaintiff's Attorney's Fees Are Proper**

    Under *35 U.S.C. §284*, a court is permitted to award attorney's fees reasonable in amount under exceptional circumstances. The reasonableness of attorney's fees is up to the discretion of the district court. *Lam, Inc. v. Johns-*

*Manville Corp.,* 718 F.2d 1056, 1068 (Fed. Cir. 1983). A determination of whether enhanced damages should be awarded goes hand in hand with a determination of whether attorney fees are also proper. As such, "exceptional" circumstances exist when the case involves "a willful, intentional, and deliberate patent infringement. *Am. Safety Table Co. v. Schreiber*, 415 F.2d 373, 380 (2d Cir. 1969). It thus follows that if the court, in its discretion, has found willful conduct, attorney fees may be awarded in addition to enhanced damages.

      As stated above, Defendant was aware of its infringing conduct, and refused to cease such conduct or even respond to Plaintiff's requests. See Declaration of Tom Luo ¶ 8-10. Prior to Plaintiff's retention of counsel, Plaintiff notified and requested that Defendant cease all infringing activity, but Defendant failed to respond and stop the infringement. Subsequently, on July 1, 2014, Plaintiff's counsel sent a cease and desist letter to Defendant. However, Defendant did not respond or cease its infringing activity. Since filing the present suit, Defendant has once again failed to respond to the Complaint. See Declaration of Tom Luo ¶ 8-10. As such, it is evident that Defendant was willfully infringing upon Plaintiff's patent.

      In determining whether the amount of attorney fees sought is reasonable, there must be some evidence to substantiate the billing rate and the number of hours expended. *Codex Corp. v. Milgo Electronic Corp.,* 717 F.2d 622 at 631–632 (1st Cir.1983), *aff'g Codex Corp. v. Milgo Electronic Corp.,* 541 F.Supp. 1198 (D.Mass.1982). Attached hereto, is a declaration of the hours expended on this case, with attorney's fees calculated in accordance to Local Rule 55-3.

PLAINTIFF'S SUPPLEMENTAL BRIEF
5

### III. **CONCLUSION**

For the above reasons, Plaintiff respectfully requests this court to award treble damages in the amount of $100,000.00 and attorney fees in the amount of $5,600.00.

DATED: 2/08/16                              Respectfully submitted,

_____
Songfong Tommy Wang
Yang & Wang, P.C.
Attorney for JAT WHEELS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2016, a copy of the foregoing Motion For Entry of Default Judgment was filed electronically and served on the Parties in this action addressed as:

DB Motoring Group 13000 NW 45th Ave. Opa-locka, FL 33054

[X ] BY MAIL: by placing the document(s) listed above in a sealed envelope(s) and depositing the sealed envelope(s) with the United States Postal Service with the postage fully prepaid.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on February 8, 2016, at Los Angeles, California.

/s/ *Leontyne Fan*