UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 14-5097-GW(AGRx) | Date | February 11, 2016 |
|---|---|---|---|
| Title | *JAT Wheels, Inc. v. DB Motoring Group, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie Thibodeux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Leontyne Fan | None Present |

**PROCEEDINGS:** **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [20]**

The Court's Ruling on Motion for Default Judgment is circulated and attached hereto. Court and counsel confer. Based on the Ruling, and for reasons stated on the record, Plaintiff's motion is DENIED. The Court sets a status conference for February 29, 2016 at 8:30 a.m. Plaintiff's counsel will file a status report by noon on February 25, 2016. Telephonic appearance is allowed provided that notice is given to the clerk two business days prior to the hearing.

: 05

Initials of Preparer  JG

<u>**JAT Wheels, Inc. v. DB Motoring Group, Inc.**</u>, Case No. CV 14-05097 GW (AGRx)
Ruling on Motion for Default Judgment Against Defendant DB Motoring Group

Plaintiff JAT Wheels, Inc. ("Plaintiff") filed suit against Defendant DB Motoring Group, Inc. ("Defendant") on July 1, 2014, advancing four claims for relief: 1) patent infringement pursuant to 35 U.S.C. § 271; 2) federal copyright infringement, pursuant to 17 U.S.C. § 106; 3) unfair competition under California's common law; and 4) unfair business practices, pursuant to California Business and Professions Code § 17200. Plaintiff's Complaint arises out of the allegation that Defendant is manufacturing and selling automobile parts on the Internet that are infringing Plaintiff's design patent. *See* Complaint ¶¶ 13-20.

On July 29, 2014, Plaintiff served Defendant with the Summons and Complaint, by executing service upon Evelyn Velasquez, the authorized person to accept service. *See* Dkt. 11; Fed. R. Civ. P. 4(h)(1)(B). Defendant has not appeared in the action, and on April 23, 2015, the Clerk entered default against Defendant. *See* Dkt. 15. Because of Defendant's non-appearance and default, Plaintiff now seeks a default judgment, including an award of damages, costs, attorney's fees and a permanent injunction.

**Local Rule 55-1**

Under Local Rule 55-1, a party requesting default judgment must make a showing as to the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that Defendant is not in military service such that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). *See* C.D. Cal. L.R. 55-1; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Plaintiff seeks default against Defendant with respect to the Complaint, and Plaintiff has supplied the information Local Rule 55-1 requires. *See* Wang Decl. (Dkt. 20-1) ¶¶ 5-9. Though no service of this motion was necessary under Fed. R. Civ. P. 55(b)(2) because Defendant has not appeared, Plaintiff served Defendant with it by mail. Dkt. 20 at 2.

Plaintiff has also complied with Local Rule 58-11, which requires that it submit a

1

separate proposed default judgment in compliance with Fed. R. Civ. P. 58. *See* Dkt. 20-3.

### The Merits of a Default Judgment

On entry of a default, well-pleaded allegations in the complaint regarding liability are generally deemed true. *See Geddes v. United Fin. Corp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (holding that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment"). The Court need not make detailed findings of fact in the event of default. *See Adriana Int'l Corp.. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

This Court has discretion to refuse to enter a default judgment in an appropriate case. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may consider a variety of factors in the exercise of such discretion, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Factor One: Possibility of Prejudice to Plaintiff

As the Defendant has not appeared in this action, Plaintiff will suffer prejudice if default is not entered. Thus, absent the entry of judgment, Plaintiff would be left without a remedy against Defendant. *See, e.g., Philip Morris USA v. Castworld Products*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff will be without other recourse for recovery."). Therefore, the first *Eitel* factor favors granting the motion.

Factors Two and Three: Substantive Merits and Sufficiency of Complaint

Although well-pleaded allegations are taken as true, "claims which are legally insufficient, are not established by default." *Cripps v. Life Insurance Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992). Whether a plaintiff has properly stated a

claim is related to the second and third *Eitel* factors. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (referring to "the first two *Eitel* factors").

### Patent Infringement

To establish a claim for direct patent infringement under 35 U.S.C. § 271, a plaintiff must show that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a). Here, the Complaint alleges that Defendant have been and are infringing U.S. Design Patent **Application** No. 29,492,155 (the "Design Patent") by importing or selling the Traklite Holeshot wheel.

However, "[a] patent application cannot be infringed." *Abbey v. Mercedes Benz of N. Am.*, Inc., 138 F. App'x 304, 307 (Fed. Cir. 2005). It is well established that the exclusive rights conferred by a United States patent do not take effect until the patent formally issues. *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) (("Patent rights are created only upon the formal issuance of the patent[.]"). Consequently, a holder of a patent application has no legally enforceable rights regarding any conduct that might constitute infringement of its patent before the date that the patent officially issues. *Marsh v. Nichols, Shepherd & Co.*, 128 U.S. 605, 612, 9 S. Ct. 168, 170, (1888) ("Until the patent is issued, there is no property right in it; that is no such right as the inventor can enforce. Until then there is no power over its use[.]"); *Hendrie v. Sayles*, 98 U.S. 546, 1878 WL 18352 (1878) ("[A]n inventor has no exclusive right to make, use, and vend the improvement until he obtains a patent for the invention, and that is created and secured by the patent; nor can the inventor maintain any suit for infringing the same before the patent is issued[.]" Accordingly, Plaintiff has not pleaded a sufficient claim of patent infringement.

### Copyright Infringement

In order to establish a claim for copyright infringement, Plaintiff must prove that it owns a valid copyright registration. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237, 1241, 176 L.Ed.2d 18 (2010) (registration requirement is a precondition to filing a copyright infringement claim). Although the Complaint alleges that Plaintiff is the exclusive holder of all rights, title and interest in its

3

photographs, it does not allege any facts regarding copyright registration. *See* Complaint ¶ 28. Accordingly, Plaintiff has not pleaded a sufficient claim of copyright infringement.

<u>Unfair Competition/ Cal. Bus. & Prof. Code § 17200</u>

To prevail on its unfair competition claim under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Plaintiff must prove that Defendant engaged in "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that Defendant has distributed and sold infringing products utilizing the Design Patent, thereby creating a false designation of origin of Plaintiff's brand of goods and unfairly competing with Plaintiff's business. *See* Complaint ¶ 37. But Plaintiff's allegations of unfair competition are preempted by federal patent law because they are predicated upon claims that Defendant's products infringe Plaintiff's Design Patent. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 167-168, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989). Because Plaintiff has not alleged any additional tortious conduct that is separate from the patent law cause of action, preemption applies. *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439–40 (9th Cir.1993).

Accordingly, the second and third *Eitel* factors do not favor granting the motion.

<u>Factor Four: Sum of Money at Stake in the Action</u>

By its motion for default judgment, Plaintiff seeks damages in the amount of $100,000. Although Plaintiff attached a sales summary, the amount of damages it seeks does not appear to have any direct relationship to sales. *See* Dkt. 24. Nor does Plaintiff even attempt to explain how it derived its requested amount. Due to the ambiguity, the fourth *Eitel* factor weighs against Plaintiff.

<u>Factor Five: Possibility of Dispute Concerning Material Facts</u>

Plaintiff has not provided the court with well-pleaded allegations. There is a genuine issue of material fact as to whether Plaintiff owns a valid patent or a valid copyright registration. Accordingly, the fifth factor weighs against a default judgment.

<u>Factor Six: Excusable Neglect</u>

There is no evidence that Defendant's failure to respond was due to excusable neglect. Notice of the summons, Complaint, and Motion were properly served and filed with the Court. Dkt. 11, 20. Therefore, the sixth *Eitel* factor favors granting the motion.

Factor Seven: Public Policy

The final *Eitel* factor takes into account the strong policy preference of deciding claims on their merits. This factor generally disfavors the entry of default judgment. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. In this case, Defendant's failure to respond precluded a decision on the merits with respect to its liability. The seventh *Eitel* factor weighs slightly against granting the Motion.

**Conclusion**

Consideration of the *Eitel* factors favors denying the Motion. Entry of default judgment is therefore not appropriate.