UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5097-GW(AGRx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | *JAT Wheels, Inc. v. DB Motoring Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Anne Kielwasser | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Ann Chen - by telephone | None Present | |

**PROCEEDINGS:** PLAINTIFFS MOTION FOR ENTRY OF DEFAULT JUDGMENT [36]

The Court's Tentative Ruling is circulated and attached hereto. Court confers with counsel. For reasons stated on the record, Plaintiff's motion is continued to June 23, 2016 at 8:30 a.m. A status report with a proposed schedule is to be filed by noon on June 21, 2016.

|  | : | 02 |
|---|---|---|
|  | Initials of Preparer | JG |

<u>*JAT Wheels, Inc. v. DB Motoring Grp., Inc.*</u>, Case No. CV-14-05097 GW (AGRx)
Tentative Ruling on Motion for Entry of Default Judgment

**I. Background**

    Plaintiff JAT Wheels, Inc. ("Plaintiff") initially filed this action, which now includes claims for trade dress infringement and unfair competition in violation of 15 U.S.C. § 1125(a), "Lanham Act § 43(a)," California Common Law, and/or Cal. Bus. & Prof. Code § 17200, *et seq*., against DB Motoring Group, Inc. ("Defendant") on July 1, 2014.[1] *See* First Amended Complaint ("FAC"), Docket No. 30.  After several changes of counsel and one previous, failed attempt to enter default judgment against Defendant, and on this Court's instruction as of April 21, 2016, the Plaintiff filed a Motion for Entry of Default Judgment ("Motion") on May 11, 2016; the deadline for Defendant to file an answer had been April 18, 2016.  *See* Docket Nos. 13, 14, 16, 17, 27, 33, 36.

    Plaintiff is in the business of designing, marketing, selling, and distributing automobile parts and, specifically, the STR513 Wheel ("STR513").  *See* FAC, Docket No. 30, ¶¶ 13-14.  Plaintiff alleges that the STR513 is distinctively designed to include several elements, which together result in the trade dress of the STR513: ten spokes, one 3.5 inch step lip, slightly curved spokes, a hole on the second step of the wheel, and triangular dents in the spokes towards the center of the wheel.  *See id*. ¶¶ 14-15.  Plaintiff owns protectable rights in the STR513's trade dress.  *See id*. ¶ 15.  An image of the STR513 is included in the record at Ex. A to the FAC.  *See id*., Docket No. 30-1, Ex. A.

    In or around June, 2014, Plaintiff learned that Defendant was both manufacturing and selling parts which infringed the STR513's trade dress.  *See id*. ¶ 16.  Defendant's product, the Holeshot Wheel, is designed to include: ten spokes, one 3.5 inch step lip, slightly curved spokes, a hole on the second step of the wheel, and triangular dents in the spokes toward the center of the wheel.  *See id*. ¶ 17.  Images of Defendant's product are included in the record at Ex. B to the FAC.  *See id*., Docket No. 30-1, Ex. B.

    Plaintiff alleges that it has notified Defendant of the infringement and that Defendant continues to infringe despite this notice.  *See* FAC, Docket No. 30, ¶¶ 18-20.

---

[1] Although the First Amended Complaint includes four causes of action, only one appears to be the subject of the Motion for Default Judgment: the violation of 15 U.S.C. § 1125(a), also known as "Lanham Act § 43(a)."  *See* [Proposed] Order for Entry of Default Judgment, Docket No. 36-4, ¶¶ 1-4.

Plaintiff attempts to evidence that, to no avail, it notified Defendant both in person and in several letters from Plaintiff's counsel. Luo Decl., Docket No. 36-2, ¶¶ 5-10. Further, Plaintiff attempts to evidence that this continued infringement has resulted in declining sales for the STR513: from $215,638.01 in 2014 to $205,552 in 2015. *See* Luo Decl., Docket No. 36-2, ¶¶ 14-15. According to Tom Luo, who is General Manager for Plaintiff, the reduced sales are attributable to the infringement because customers have told him that Defendant sells the infringing product for a lower price than Plaintiff. *See id*. ¶ 12.

Because Defendant refuses to cease the infringing conduct, Plaintiff asserts that the infringement is willful and deliberate, entitling Plaintiff to enhanced damages, as well as reasonable attorney fees and costs. *See* FAC, Docket No. 30, ¶¶ 20-21. Because of the continuing nature of the infringement, Plaintiff asserts that it continues and will continue to suffer irreparable harm, the only remedy for which is an injunction. *See id*. ¶ 22.

Plaintiff's Motion prays for: (1) judgment declaring that Defendant has infringed Plaintiff's STR513 trade dress, (2) an award of compensatory damages resulting from the infringement, together with interest and costs, (3) judgment declaring that infringement was willful and deliberate, (4) that Defendant and all other agents, officers, servants, employees, attorneys, and any others be enjoined and restrained from further using the trade dress and engaging in unfair competition, (5) for gains, profits, and advantages derived by Defendant through the infringement, (6) for punitive damages in an amount sufficient to punish Defendant and deter others, (7) for a permanent injunction preventing Defendant from any future usage of identical or similarly confusing designs related to the trade dress, (8) for statutory damages provided by law, and (9) other relief the Court deems just. *See* Motion, Docket No. 36 at 2-3.

**II. Analysis**

A. <u>Local Rule 55-1</u>

As an initial matter, Local Rule 55-1 is satisfied. Under Local Rule 55-1, a party requesting default judgment must make a showing as to the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the parties in default are not in military service such that the Servicemembers

Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). *See* C.D. Cal. R. 55-1; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Default was entered on the FAC against Defendant on May 6, 2016. *See* Docket No. 35. Plaintiff also appropriately indicates that Defendant is not a minor or incompetent person and is not currently in military service, meaning that the Servicemembers Civil Relief Act would not apply. *See* Wang Decl., Docket No. 34-1, ¶¶ 6-7. Plaintiff served the Motion by mail on May 11, 2016.[2] *See* Docket No. 31. As noted in footnote 2, *supra*, there is a question as to the compliance with the service requirement of Local Rule 55-1 that needs to be resolved. Plaintiff has also submitted a proposed default judgment, as required by Local Rule 58-11. *See* Docket No. 36-4; *see also* C.D. Cal. R. 58-11.

B. The *Eitel* Factors

In entering a default judgment, a plaintiff's well-pled allegations are generally deemed true. *Geddes v. United Fin. Corp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, the court has the discretion to refuse entry of a default judgment and, in doing so, may consider seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, most of the factors weigh in favor of Plaintiff. First, the possibility of prejudice to Plaintiff is significant, as a lack of judgment would leave Plaintiff with no remedy for the ongoing infringement of

---

[2] The address for service of the FAC was 13000 NW 45th Ave., Opa-locka, FL 33054, the same as the address used for service of the Motion. *See* Docket Nos. 31 at 2, 36 at 5. This is a different address than the one used for service of the Request to Enter Default and for the original complaint (1840 Southwest 22nd St., 4th Floor, Miami, FL 33145). *See* Docket Nos. 1, 34 at 3. Further, the FAC states in its discussion of the parties that Defendant's principal place of business is at 5519 NW 72 Ave., Miami, FL 33166. *See* FAC, Docket No. 30, ¶ 9. This makes three distinct addresses with which Plaintiff has associated Defendant, and no part of the FAC, or Plaintiff's present motion papers, provides an explanation for the discrepancies. The Court intends to clear up this issue at the hearing.

the STR513's trade dress. Second, Plaintiff's claim appears meritorious because it alleges both infringement and resulting damages. *See* FAC, Docket No. 30, ¶¶ 16-21. Third, the FAC is likely to be sufficient, as discussed further below. The fourth factor likely also weighs in favor of the Plaintiff, as the Motion yields the conclusion that slightly more than $10,000 is at stake, while the FAC itself alleges no specific sum of money as damages.[3] *See id*; Motion, Exs. A, B,

The fifth factor likely weighs in favor of Plaintiff, as the FAC articulates that Defendant's product infringes on the STR513's trade dress. *See* FAC, Docket No. 30, ¶¶ 16-22. In the Motion, Plaintiff's General Manager asserts that Plaintiff was the established brand, featured in major film projects, and that Defendant's infringing products were discovered in 2014, after Plaintiff produced the STR513. *See* Luo Decl., Docket No. 36-2, ¶¶ 3-4. This evidence, if accepted, shows that Plaintiff was the originator of the design, thereby making Defendant the infringing party. *Geddes*, 559 F.2d at 560. Sixth, the default does not appear to be the result of excusable neglect; in *Eitel*, the parties were engaged in settlement negotiations, making the default excusable. *Eitel*, 782 F.2d at 1472. In the present case, though, the parties were not engaged in any discussions, and Plaintiff has entered evidence to show that Defendant, in fact, ignored Plaintiff's in-person request to remove the infringing product from display. *See* Luo Decl., Docket No. 36-2, ¶¶ 6-9.

Thus, although the seventh factor naturally weighs against the entry of a default judgment, the majority of the *Eitel* factors weigh in Plaintiff's favor, suggesting a default judgment *could* be appropriate. This is particularly true in light of the fact that Defendant has made no response to any of the noticed proceedings.

    C. <u>Whether Plaintiff Complied with Service Requirements</u>

Plaintiff served the FAC by mail, which would generally be allowable under Fed. R. Civ. P. 5(a)(2) and/or 5(b)(2)(c) so long as the original Complaint was served properly and raised the same claims. *See* Docket Nos. 31, 34, 36 at 5; Fed. R. Civ. P. 5(a)(2); *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, No. C09-01589-CW DMR, 2010 WL 2219595, at *3 (N.D. Cal. June 2, 2010). However, Rule 5(a)(2) states:

---

[3] Plaintiff attempts to prove a sum certain, calculated by a reduction in sales from 2014 to 2015. *See* Motion, Exs. A, B, Docket No. 36-3.

>**(2)** *If a Party Fails to Appear.* No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

Fed. R. Civ. P. 5. This poses two questions for Plaintiff's case: whether the original Complaint was served appropriately, and whether the FAC raised the same claims and was served appropriately.

First, service of the original Complaint appears to be appropriate as it was served on a person, Evelyn Velasquez, authorized to receive such service. *See* Docket No. 11; Fed. R. Civ. P. 4; *but see* Footnote 2, *supra*. However, a cursory investigation of the original Complaint reveals that it does *not* include the trade dress infringement claims found in the FAC. *See* Docket Nos. 1, 30. Thus, the FAC naturally asserts new claims. *See id.*

In *Bricklayers & Allied Craftworkers*, a court in the Northern District of California specifically answered the question as to what service is required for a first amended complaint asserting new claims when the plaintiff is seeking a default judgment and the defendant has failed to appear, exactly as in Plaintiff's case. *Bricklayers & Allied Craftworkers Local Union No. 3*, No. C09-01589-CW DMR, 2010 WL 2219595, at *3 (N.D. Cal. June 2, 2010). "In this instance, Rule 5(a)(2) mandates service of the amended complaint pursuant to Rule 4, which requires service of summons." *See Bricklayers & Allied Craftworkers*, 2010 WL 2219595, at *2-4.; *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada,* 674 F.2d 1365, 1368 (11th Cir. 1982) (holding that, if a complaint "contained 'new or additional claims for relief' then Rule 5(a) required personal service pursuant to Rule 4").

In order to properly have served the FAC, Plaintiff needed to comply with Rule 4. *See* Fed. R. Civ. P. 5(a)(2).; *Varnes*, 674 F.2d at 1368. Although Rule 4 might have allowed for mailing, pursuant to Cal. Civ. Proc. Code. § 415.40, *see* Fed. R. Civ. P. 4(h)(1)(a), 4(e)(1), if a return receipt had also been obtained, the proof of service here does not indicate that such a return receipt was obtained. *See* Docket No. 31; *see also* Cal. Civ. Proc. Code. § 415.40 ("A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a

5

return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing").

Because the FAC adds a claim not present in the original complaint, and because service of the FAC did not comply with Rule 4, Plaintiff has not appropriately served Defendant. This makes entry of default judgment inappropriate, irrespective of the outcome of the *Eitel* factor analysis. If, however, the Court concludes that service does not present a problem here, the following analysis would be necessary.

### D. The Sufficiency of Plaintiff's Claims

In this case, Plaintiff alleges trade dress infringement. *See* FAC, ¶¶ 23-29. Because of the entry of default, each allegation is considered admitted. *Geddes*, 559 F.2d at 560. The question becomes, then, whether or not the Plaintiff has *sufficiently* alleged facts to support both the claim at issue and the relief it seeks, which includes injunctive, declaratory, and monetary relief. Despite apparent deficiencies in service, Plaintiff's FAC likely articulates sufficient facts for its claim.

Plaintiff brings its trade dress infringement claim under 15 U.S.C. § 1125(a). "To state an infringement claim under § 43(a) − whether it be a trademark claim or a trade dress claim − a plaintiff must meet three basic elements: (1) distinctiveness, (2) nonfunctionality, and (3) likelihood of confusion." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046-47 (9th Cir. 1998). In several cases on point, the Ninth Circuit makes clear that the focus of a court's inquiry in such a case, and the standard for § 1125(a) claims, is whether or not the defendant's action is likely to cause confusion among consumers. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999); *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991).

Here, Plaintiff has alleged facts to satisfy all three elements. *See* FAC, Docket No. 30, ¶¶ 14, 24-27. Plaintiff alleges that the STR513 is "inherently distinctive" and that "the ordinary purchaser is not likely to notice the difference between Plaintiff and Defendant's wheels or understand that the respective products are completely distinct in manufacture or distribution," and that this is "highly likely to cause confusion." *See id*. The foregoing allegations speak directly to the first and third elements.

As to the second element, because Plaintiff has not evidenced or alleged that the

trade dress is registered, the statute also requires that Plaintiff bear the burden of "proving that the matter sought to be protected is not functional." *See* 15 U.S.C.A. § 1125(a)(3) (West); *see also Kendall-Jackson Winery*, 153 F.3d at 1047. In a Ninth Circuit case addressing a pocket knife copycat, the court reversed a jury finding for trade dress infringement because the matter sought to be protected was functional. *Leatherman Tool Grp., Inc., v. Cooper Inds., Inc.*, 199 F.3d 1009 (9th Cir. 1999). In reaching its decision regarding trade dress infringement, the Ninth Circuit relied on a Federal Circuit case holding that, in order to be protected as a trademark, the overall product design must be nonfunctional, meaning it does not serve a particular purpose or enable the product to work in a better way. *Textron, Inc. v. U.S. Int'l. Trade Comm'n.*, 753 F.2d 1019, 1025 (Fed. Cir. 1985). In *Leatherman Tool*, the defendant created a pocket-knife that was almost entirely identical to the plaintiff's, except for the brand name on the knife, the fasteners holding it together, and that one knife was serrated. *Leatherman Tool Grp., Inc.*, 199 F.3d 1009. Though the visual differences were almost non-existent, the Circuit found that there were, in fact, functional differences. *Id*. Because of the functional differences, the trade dress was not protectable. *Id*. at 1013.

Plaintiff has alleged that "the design in Plaintiff's STR513 Wheel Trade Dress does not serve any functional purpose. The design of the wheel does not make the product more useful, improve its performance, or easier to manufacture or distribute. Thus, the STR513 Wheel Trade Dress is non-functional." *See* FAC, Docket No. 30, ¶ 25. Because these allegations are taken as true in a default, Plaintiff has shown that the trade dress can be infringed, as the design is nonfunctional. *See id*. ¶¶ 26-27; *Geddes*, 559 F.2d at 560.

Therefore, Plaintiff appears to have sufficiently pled the elements of a trade dress infringement claim such that, assuming proper service of the FAC, the Court could enter default judgment in its favor.

E. Remedy

Pursuant to Fed. R. Civ. P. 54(c), the Court may, upon entry of default, grant relief limited to that prayed for in the complaint. As stated in Fed. R. Civ. P. 54(c):

> **(c) Demand for Judgment; Relief to Be Granted.** A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled,

even if the party has not demanded that relief in its pleadings.

*See also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Further, "the demand for relief must be specific." *See Philip Morris USA, Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003). The monetary remedy for Plaintiff's 15 U.S.C. § 1125(a) claim is found in 15 U.S.C. § 1117(a). *See id*. That section states that a violation entitles the plaintiff to recover:

> (1) defendant's profits, (2) any damages sustained by plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages, the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C.A. § 1117(a). Here, Plaintiff's demand for monetary damages in the FAC is far from specific. Plaintiff attempted to *evidence* its own losses in the Motion, but did not request a specific amount in the FAC *See* FAC; Motion. Plaintiff's Motion and attached exhibits yield the conclusion that, between 2014 and 2015, its sales were reduced by $10,086.01. *See* Motion, Exs. A, B, Docket No. 36-3. However, because the FAC contains no figure for damages whatsoever, Rule 54(c) would appear to prevent any monetary damages award.

Plaintiff also seeks attorney fees, which the Court may grant if it finds the case to be exceptional. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct 1749, 1756 (2014) (holding that an "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated"). The court in *Philip Morris USA, Inc.* concluded that such an exceptional case existed when the defendant's conduct was "willful and deliberate" and the defendant "refused to meaningfully communicate with Plaintiff." *See Philip Morris USA, Inc.*, 219 F.R.D. at 502; *see also Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378 (9th

8

Cir. 1984). Plaintiff has alleged generally, and submitted evidence to show, that Defendant willfully avoided contact and ignored requests to stop infringing activities. *See* FAC, Docket No. 30, ¶ 20; *see also* Luo Decl., Docket No. 36-2, ¶¶ 5-10. On similar facts, the *Philip Morris USA, Inc.* court granted attorney fees. *See Phillip Morris USA, Inc.*, 219 F.R.D. at 502.

As for injunctive relief, this Court has the power to grant such relief pursuant to 15 U.S.C. § 1116(a). *See id*. at 502. Plaintiff has requested a permanent injunction, which requires the satisfaction of the Supreme Court's 4-part test from *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). *See also Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (applying *eBay Inc.* in a patent context). Under the *eBay* test, Plaintiff must show: 1) that it has suffered irreparable injury; 2) that there is no adequate remedy at law; 3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction. *See eBay, Inc.*, 547 U.S. at 391-9. Plaintiff has alleged that it has suffered irreparable harm and that no adequate remedy exists at law. *See* FAC, Docket No. 30, ¶ 22. However, Plaintiff has not explained the basis for this conclusory allegation, nor has it even addressed the third and fourth factors, so it has not fulfilled the requirements of this test such that *permanent* injunctive relief would be warranted.

Thus, at this stage, the only relief that the Court would likely be prepared to grant for Plaintiff, assuming proper service and sufficient allegations, is declaratory relief.

### III. Conclusion

Because Plaintiff failed to properly serve Defendant with the FAC, the sufficiency of its claims and available remedies is a moot point at this juncture. This Court would deny Plaintiff's Motion. Plaintiff can either attempt to properly serve the FAC or (taking into consideration the impact of Rule 54(c) and the above comments) choose the better alternative of amending its allegations and filing a Second Amended Complaint, thereby "opening up" the default, and then properly serve that new version of its complaint.